UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MELINDA D. BILBRUCK,

          Plaintiff,

      v.

JEREMY M. JOHNSON and DIEBOLD,
INC.,

          Defendants.

Case No. 06-cv-575-JPG

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on defendants' motion to set aside entry of default (Doc. 10). Defendants state that plaintiff has no objection to the granting of this motion.

## BACKGROUND

Defendant Jeremy M. Johnson (Johnson) answered plaintiff's complaint on September 17. Defendant Diebold, Inc. (Diebold) attempted to answer the complaint the same day (the same attorney represents both defendants), but the Clerk's Office struck the filing for counsel's failure to sign it. Counsel did not correct his mistake. In light of this failure, plaintiff requested entry of default against both defendants. The Clerk's Office did not default Johnson because he answered, but it defaulted Diebold. That same day, December 21, 2006, Diebold moved to set aside the entry of default.

Counsel for Diebold admits he overlooked the Notice of Electronic Filing (NEF) informing him of the striking of Diebold's answer. He contends that his swiftly filed motion to set aside default and his filing of an answer on behalf of Johnson demonstrate he and his client's intention to litigate this action on the merits.

## ANALYSIS

A court should set aside default under Rule 55 if a defendant shows (1) good cause for his default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993); *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989). There is no question that counsel took quick action to correct his failure to answer and it is clear that counsel's failure to file an answer in this case was not willful. *See Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003) (noting that a district court is justified in refusing to set aside the default when a party wilfully refuses to litigate a case properly). Somewhat surprisingly though, counsel entirely failed to address whether his client has a meritorious defense to the complaint. As such, he has not, as some courts require, supported his motion with facts showing the potential for a good defense. *See, e.g., Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320-21 (2d Cir. 1986). Nevertheless, considering the totality of circumstances before it – not the least of which, plaintiff's consent to Diebold's motion – the Court will grant Diebold's request.

## CONCLUSION

Diebold's motion (Doc. 10) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: January 10, 2007**

         **s/ J. Phil Gilbert**         
         **J. PHIL GILBERT**
         **DISTRICT JUDGE**